**Bernadino DE LA CRUZ,**
**Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF HEALTH, Defendant–Appellee.**

No. 03–7098.

United States Court of Appeals, Second Circuit.

Feb. 18, 2004.

Bernadino De La Cruz, New York, N.Y., for Appellant, pro se.

Scott Shorr, City of New York Law Department, New York, N.Y., for Appellees.

Present: POOLER, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order be **AFFIRMED**.

Plaintiff-appellant Bernadino De La Cruz appeals from the judgment of the United States District Court for the Southern District of New York (Kaplan, J.), dated December 13, 2002, dismissing plaintiff's complaint after a jury trial. We assume the reader's familiarity with the underlying facts, procedural history and specification of appellate issues, and hold as follows.

De La Cruz, who is confined to a wheelchair, alleges that his employer, the New York City Department of Health, discriminated against him on the basis of his disability. The district court held a three-day jury trial on De La Cruz's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Contrary to De La Cruz's arguments on appeal, we find that the district court did not commit any reversible errors at trial.

The district court did not abuse its discretion in denying De La Cruz's request for a continuance of the trial because (1) he sought to have defendant produce additional witnesses not previously subpoenaed by him or listed on his witness list; and (2) an imminent ice storm and transit strike could have caused significant future delays if the proceedings were not concluded in a timely manner. *See Grotto v. Herbert*, 316 F.3d 198, 206 (2d Cir.2003) (holding that "the trial judge has considerable discretion in matters of scheduling and in seeing that the trial is conducted in a fair, efficient, and orderly manner") (citations omitted).

The district court did not display any bias against De La Cruz by periodically interrupting his direct questioning of witnesses to pose questions or to recast his questions. *See Ballantine Books, Inc. v. Capital Distrib. Co.*, 302 F.2d 17, 21 (2d Cir.1962) (trial court may "participate in questioning to speed proceedings and eliminate irrelevancies"). Further, the judge

did not abuse his wide discretion by sustaining objections to De La Cruz's questions to witnesses in anticipation of defendant's objections because the questions posed were plainly improper. *Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir.1995) ("A district court has wide discretion in controlling the admissibility of testimony and other evidence. . . .").

██ De La Cruz's claim that he was denied his right to a jury of his peers because no one in the jury pool was disabled also fails because this allegation, standing alone, does not set forth a *prima facie* case for a Sixth Amendment "fair cross-section" claim. *See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Specifically, he failed to establish "that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and [ ] that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.*

██ We decline to consider De La Cruz's argument that the district court committed numerous errors in instructing the jury because he failed to object to the jury instruction at trial. *See Local Union No. 38, Sheet Metal Workers' Intern. Ass'n v. Pelella,* 350 F.3d 73, 87 (2d Cir.2003). We note, however, that the court correctly instructed the jury that the legal standard governing De La Cruz's ADA claim was "deliberate indifference." *Bartlett v. New York State Bd. of Law Examiners,* 156 F.3d 321, 331 (2d Cir.1998), *vacated on other grounds by* 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999).

██ Finally, while the district court erred in finding that De La Cruz did not request the production of his past performance evaluations and a form discussing defendant's patient confidentiality policy because he had submitted a general request for all documents pertaining to his claim, the admission of these documents does not constitute reversible error. De La Cruz does not indicate how inclusion of such documents caused him surprise or undue prejudice, or that he was deprived of a fair hearing. *See Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 19–20 (2d Cir.2000); *Brady v. Chemical Constr. Corp.,* 740 F.2d 195, 200 (2d Cir. 1984).

We therefore AFFIRM.